UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ZAMAN ASHRAF,

                    Movant,

   -against-

UNITED STATES OF AMERICA,

                    Respondent.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 10-CV-483 (FB)

*Appearances:*
*For the Petitioner:*
ZAMAN ASHRAF, *pro se*
38350-083
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

*For the Respondent:*
UNA A. DEAN, ESQ.
Assistant United States Attorney
United States Attorneys Office
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Following a jury trial, Zaman Ashraf was convicted of one count of conspiracy to distribute, and possess with intent to distribute, five kilograms or more of cocaine in violation of 21 U.S.C. § 846; two counts of distribution and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841; and one count of distribution and possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841. On August 29, 2007, he was sentenced on to a term of 210 months. Ashraf challenged his conviction on numerous grounds, and the Second Circuit affirmed his conviction by summary order on April 6, 2009. *See United States v. Ashraf*, 320 Fed. Appx. 26 (2d Cir. 2009).

1

Ashraf, proceeding *pro se*, timely filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Ashraf claims that his retained trial counsel Richard Jasper and appointed sentencing counsel Kenneth Paul both provided constitutionally ineffective assistance; that his attorneys suffered from conflicts of interest; and that he was immune from prosecution in the Eastern District of New York. For the following reasons, each claim is without merit.

**I**

Ashraf's ineffective assistance claims are governed by the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984): he must show both (1) "that counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "The burden of establishing both constitutionally deficient performance and prejudice is on the defendant." *United States v. Birkin*, 366 F.3d 95, 100 (2d Cir. 2004). Because Ashraf moves *pro se*, the Court must "read his supporting papers liberally [and] interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). However, "[j]udicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1420 (2009) (quoting *Strickland*, 466 U.S. at 689) (citation and internal quotation marks omitted).

Ashraf first claims that both Jasper and Paul were ineffective for concealing from the Court his "substantial assistance" to the government regarding his co-

2

conspirators. The assistance upon which Ashraf appears to base this claim is contained in the "Report of Investigation" which details the interview of Ashraf by federal agent Kent Mullen on April 9, 2004, in Richmond, Virginia (the "ROI"). *See* Ptr.'s Mtn., Ex. 1. However, even if the Court assumes that Ashraf did provide the United States with substantial assistance, Ashraf submitted the ROI to the Court as an attachment to his Fed. R. Crim. P. 29 motion, dated January 12, 2007, and additionally informed the Court of his alleged cooperation at sentencing. *See* Sent. Tr. at 39:21-40:1. That the Court was acutely aware of Ashraf's claimed cooperation before he was sentenced completely undermines the argument that he was prejudiced in any way by his attorney's alleged omission.

Ashraf additionally claims that Jasper and Paul rendered ineffective assistance because at trial he had "no understanding of the judicial proceeding" and because Paul spent only 30 minutes with Ashraf prior to his sentencing. However, even when these claims are read liberally and "interpret[ed] to raise the strongest arguments," *Burgos*, 14 F.3d at 790, Ashraf completely fails to assert, let alone demonstrate, that his attorneys committed any substantive errors or that his conviction or sentence would have been different but for Jasper's or Paul's allegedly-deficient performance.

Accordingly, his ineffective assistance claims must fail.

## II

"The right to counsel under the Sixth Amendment entails 'a correlative right to representation that is free from conflicts of interest.'" *United States v. Levy*, 25 F.3d 146, 152 (2d Cir. 1994) (quoting *Wood v. Georgia*, 450 U.S. 261, 271 (1981)). Ashraf must demonstrate that he suffered ineffective assistance of counsel due to his lawyers's conflicts

conspirators. The assistance upon which Ashraf appears to base this claim is contained in the "Report of Investigation" which details the interview of Ashraf by federal agent Kent Mullen on April 9, 2004, in Richmond, Virginia (the "ROI"). *See* Ptr.'s Mtn., Ex. 1. However, even if the Court assumes that Ashraf did provide the United States with substantial assistance, Ashraf submitted the ROI to the Court as an attachment to his Fed. R. Crim. P. 29 motion, dated January 12, 2007, and additionally informed the Court of his alleged cooperation at sentencing. *See* Sent. Tr. at 39:21-40:1. That the Court was acutely aware of Ashraf's claimed cooperation before he was sentenced completely undermines the argument that he was prejudiced in any way by his attorney's alleged omission.

Ashraf additionally claims that Jasper and Paul rendered ineffective assistance because at trial he had "no understanding of the judicial proceeding" and because Paul spent only 30 minutes with Ashraf prior to his sentencing. However, even when these claims are read liberally and "interpret[ed] to raise the strongest arguments," *Burgos*, 14 F.3d at 790, Ashraf completely fails to assert, let alone demonstrate, that his attorneys committed any substantive errors or that his conviction or sentence would have been different but for Jasper's or Paul's allegedly-deficient performance.

Accordingly, his ineffective assistance claims must fail.

## II

"The right to counsel under the Sixth Amendment entails 'a correlative right to representation that is free from conflicts of interest.'" *United States v. Levy*, 25 F.3d 146, 152 (2d Cir. 1994) (quoting *Wood v. Georgia*, 450 U.S. 261, 271 (1981)). Ashraf must demonstrate that he suffered ineffective assistance of counsel due to his lawyers's conflicts

due to: (1) a "per se" conflict; (2) a potential conflict of interest that results in prejudice to the defendant; or (3) an actual conflict of interest that adversely affects the attorney's performance. *See Armienti v. United States*, 313 F.3d 807, 810 (2d Cir. 2002) (citing *Levy*, 25 F.3d at 152). Ashrad claims only that his attorneys suffered from an actual conflict.[1]

To prevail on an "actual conflict" claim, Ashraf must first show that an actual conflict existed, then demonstrate that this conflict adversely affected defense counsel's performance. *See Armienti*, 313 F.3d at 811. Actual conflict will be found "when, during the course of the representation, the attorney's and defendant's interests diverge with respect to a material factual or legal issue or to a course of action." *Id.* (quotations omitted). Once the defendant has established that an actual conflict exists, "he need not prove prejudice, but simply that a 'lapse in representation' resulted from the conflict." *United States v. Malpiedi*, 62 F.3d 465, 469 (2d Cir. 1995) (quoting *United States v. Iorizzo*, 786 F.2d 52, 58 (2d Cir. 1986)).

Ashraf premises his conflict claims on 1) Jasper's and Paul's alleged concealment of his cooperation with the government and 2) Jasper's alleged "looting" of

---

[1] However, in light of Ashraf's *pro se* status, the Court examined, and now denies, any claim that Jasper or Paul suffered from a *per se* or potential conflict. Ashraf cannot demonstrate that a *per se* conflict exists because such conflicts "are limited to situations where trial counsel is not authorized to practice law or is implicated in the very crime for which his or her client is on trial," neither of which grounds are supported by this record. *Armienti*, 234 F.3d at 823 (internal citation omitted). Ashraf cannot demonstrate that a potential conflict because he has not demonstrated that he was prejudiced in any way. *Id.* at 824 ("In order to prevail on [a potential conflict] claim, the petitioner must establish both that counsel's conduct fell below an objective standard of reasonableness and that but for this deficient conduct, the result of the trial would have been different, under the familiar standard established by *Strickland*....").

4

$25,000 in legal fees. However, even if the Court assumes that each act constituted an actual conflict, which they certainly do not, Ashraf has not identified any lapse in representation which resulted therefrom, nor does the record support a finding that any lapse existed.

### III

Ashraf claims that he was immune from prosecution in the Eastern District of New York as a result of 1) his plea agreement with the United States Attorney's office in the Eastern District of Virginia, and 2) the assistance that he allegedly provided the government. Both claims fail.

Ashraf raised his argument regarding his plea agreement in Virginia on direct appeal, where it was denied by the Second Circuit. Accordingly, he cannot raise it in this petition. *See Giacalone v. United States*, 739 F.2d 40, 42 (2d Cir. 1984) ("It is well settled that a § 2255 motion to vacate sentence cannot be employed to relitigate questions which were raised and considered on the appeal." (citation omitted)). In any event, it is unquestionably without merit.

Ashraf's argument that his cooperation, in the absence of a cooperation agreement, renders him immune from prosecution for his crimes committed in the Eastern District of New York has no basis in law, and the Court rejects it as patently frivolous. *Sumner v. Mata*, 449 U.S. 539, 548 (1981) ("[A] court need not elaborate or give reasons for rejecting claims which it regards as frivolous or totally without merit.").

## IV

No additional ground which could be derived from Ashraf's petition, including Ashraf's passing references to plain error under Fed. R. Crim. P. 52(b), warrants relief under 28 U.S.C. § 2255.

## CONCLUSION

Ashraf's motion is denied. No certificate of appealability will issue since he has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

/S/

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 22, 2010